USDC-BALTIMORE
'25 DEC 4 PM 1:00

# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND – BALTIMORE DIVISION

ABA 2 5 CV 3 9 8 1

## UPGRADED FEDERAL COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff: Britney L. Young
810 Mount Holly Street
Baltimore, MD 21229

Defendants: Concierge Mortgage LLC; Freedom Mortgage Corporation; Greenhead Investing Inc.; BWW Law Group LLC; Howard Bierman; Andrew Brenner; Carrie Ward; Elizabeth C. Jones; Daniel Dreifuss; Nicolas Derdock; Philip Shriver; Eric Vandelinde; John Doe Investor(s) 1–10



HD
Rcv'd by: O. Lewis

## I. INTRODUCTION

This action seeks damages, declaratory relief, and injunctive relief arising from a wrongful foreclosure, material violations of the Truth in Lending Act (TILA), Real Estate Settlement Procedures Act (RESPA), Fair Debt Collection Practices Act (FDCPA), Fourteenth Amendment Due Process violations, securitization and chain-of-title defects, and Maryland Rule 14-305 notice failures.

Plaintiff still resides at 810 Mount Holly Street and never received the mandatory post-sale foreclosure notices.

Despite this, a purported foreclosure purchaser has repeatedly approached Plaintiff's home, left notes, knocked asking to conduct a "walk-through," and driven by observing the property, all without any lawful eviction order. These actions constitute illegal self-help attempts and harassment.

## II. JURISDICTION AND VENUE

Jurisdiction exists under 28 U.S.C. §1331 because Plaintiff asserts claims under federal statutes, including

TILA (15 U.S.C. §1601), RESPA (12 U.S.C. §2605), FDCPA (15 U.S.C. §1692), and the Fourteenth Amendment.

Venue is proper because the property, events, and Defendants' actions occurred in Baltimore City.

## III. PARTIES

Plaintiff: Britney L. Young, homeowner in possession of 810 Mount Holly Street.

Defendants include:
- Concierge Mortgage LLC – loan originator.
- Freedom Mortgage Corporation – servicer/holder.
- Greenhead Investing Inc. – foreclosure trustee.
- BWW Law Group LLC and its attorneys – substitute trustees conducting the foreclosure.
- John Doe Investor(s) – unknown true beneficial owners.

## IV. FACTUAL ALLEGATIONS

1. Plaintiff obtained her mortgage through Concierge Mortgage LLC.

2. MERS was listed in the deed of trust, creating uncertainty in chain of title.

3. Plaintiff later received a loan transfer notice but no disclosure of the true investor.

4. Plaintiff received: delinquency notices, threats of foreclosure, a Notice of Intent to Foreclose, and an Order to Docket.

5. Plaintiff received a Notice of Sale.

6. Plaintiff DID NOT receive:

• Report of Sale

• Auditor's Report

• Notice of Exceptions Period

• Final Order of Ratification

7. These omissions deprived Plaintiff of notice and the opportunity to contest the sale.

8. A foreclosure buyer visited Plaintiff's home three times, left notes, knocked asking to do a walk-through,

and drove by monitoring the property.

9. No eviction case has ever been filed; any attempt at removal is illegal self-help.

10. Plaintiff experienced anxiety, loss of sleep, fear of homelessness, depression, and physical symptoms.

11. Freedom Mortgage and BWW proceeded despite irregularities in assignments and securitization, violating TILA §1641(g).

## COUNT I – TILA VIOLATIONS

Defendants failed to provide accurate disclosures, issued a Closing Disclosure on the same day as consummation,

failed to re-disclose material changes, and failed to identify the loan owner, violating TILA §1640 and §1641(g).

## COUNT II – RESPA VIOLATIONS

Defendants failed to provide accurate escrow disclosures, mishandled servicing duties, and failed to respond

as required under 12 U.S.C. §2605 and Regulation X (12 CFR §1024).

## COUNT III – FDCPA VIOLATIONS

BWW Law Group and its attorneys are debt collectors. They misrepresented foreclosure status, failed to provide required notices, and engaged in unfair and deceptive practices under 15 U.S.C. §1692e–f.

## COUNT IV – DUE PROCESS VIOLATIONS

By failing to provide mandatory post-sale notices, Defendants deprived Plaintiff of property without due process

as guaranteed by the Fourteenth Amendment.

## COUNT V – WRONGFUL FORECLOSURE

Sale was conducted without compliance with Maryland Rules 14-305 and 1-321. Required notices were never sent.

Ratification obtained without notice is void.

## COUNT VI – DECLARATORY JUDGMENT

Plaintiff seeks a declaration under 28 U.S.C. §2201 that the foreclosure and trustee's deed are void.

## COUNT VII – SECURITIZATION AND STANDING DEFECTS

Assignments involving MERS and unknown investors create breaks in chain of title. Defendants lacked standing

to enforce the note and foreclose.

## COUNT VIII – NEGLIGENCE / MISREPRESENTATION

Defendants breached duties by providing inaccurate disclosures, failing to send required notices, and misrepresenting

the status of the foreclosure.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests:

A. A Temporary Restraining Order halting any eviction or removal.

B. A permanent injunction restoring Plaintiff's property rights.

C. Vacatur of the foreclosure, ratification, and trustee's deed.

D. Restoration of title to Plaintiff.

E. Damages under TILA, RESPA, and FDCPA.

F. Emotional and physical distress damages.

G. Punitive damages.

H. Attorney's fees and costs.

I. Any additional relief deemed just and proper.

## JURY TRIAL DEMANDED

/s/ Britney L. Young
810 Mount Holly Street
Baltimore, MD 21229