**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

BRITNEY L. YOUNG,

    *Plaintiff,*

  v.

Case No. 25-cv-3981-ABA

FREEDOM MORTGAGE
CORPORATION, *et al.,*

    *Defendants.*

**MEMORANDUM OPINION**

Self-represented Plaintiff Britney Young is suing several entities and individuals in connection with a foreclosure action. This Court has already dismissed two other actions pertaining to the same foreclosure. For the reasons explained below, the Court will dismiss Plaintiff's claims against several Defendants under the claim preclusion doctrine and dismiss the claims against the remaining Defendants for insufficient pleading.

**I.   BACKGROUND**

Young filed her complaint on December 4, 2025. ECF No. 1 at 2. Ms. Young then filed two motions for a temporary restraining order (ECF Nos. 2 and 6) and a motion for leave to amend the complaint (ECF No. 7). The Court will grant the motion to amend and treat the amended complaint (ECF No. 7-1) as the operative complaint.

In the amended complaint, Young alleges numerous violations of federal statutes by several entities and individuals connected to her procurement of a mortgage on the property at 810 Mount Holly Street in Baltimore, Maryland and a subsequent foreclosure on that property. ECF No. 7-1 at 2–3. The Defendants in the amended

complaint are Freedom Mortgage Corporation ("Freedom Mortgage"), BWW Law Group LLC and its attorneys (including Andrew Brenner, Howard Bierman, and Elizabeth Jones) (collectively, "BWW Law"), the U.S. Department of Housing and Urban Development ("HUD"), Sierra Pacific Mortgage Company, Inc. ("Sierra Pacific"), Mortgage Electronic Registration Systems ("MERS"), the Auditor of the Circuit Court for Baltimore City (the "Auditor"), and 10 unidentified substitute trustees (labeled as Does 1–10). *Id.* at 2. Young alleges that Defendants "misapplied or failed to properly credit payments, failed to provide accurate accounting, failed to respond adequately to written requests for information, and proceeded with foreclosure without first establishing clear standing and chain of title." *Id.* at 2. She states that this conduct "resulted in wrongful foreclosure activity, deprivation of due process, and violations of Plaintiff's rights secured by federal law." *Id.* Young asserts seven counts, alleging violation of RESPA, 12 U.S.C. § 2605; TILA, 15 U.S.C. § 1601 et seq.; FDCPA; and 42 U.S.C. §§ 1983 and 1985, as well as counts titled "wrongful foreclosure and lack of standing" and "declaratory and injunctive relief." *Id.* at 3.

Young's complaint clarifies that she "primarily seeks equitable relief," including "(a) an order staying or enjoining further foreclosure activity; (b) an order requiring Defendants to produce the Original Note, all allonges, and the complete chain of assignments; [and] (c) an order compelling a full life-of-loan accounting." *Id.* at 3. The complaint does not include any request for monetary damages.

This is not the first time Young has been before this Court related to the mortgage at 810 Mount Holly. Young removed the state court foreclosure action in April 2025, asserting counterclaims she alleged gave rise to federal jurisdiction. *Brenner v. Young*, Case No. 25-cv-1152-ABA, ECF No. 1 (D. Md.) ("*Brenner*"). Young also sued Freedom

Mortgage, BWW Law, and 50 unidentified individuals in a "quiet title" action brought in this Court. *Young v. Freedom Mortgage Corp., et al.*, Case No. 25-cv-1567-ABA, ECF No. 1 (D. Md.) (*"Young I"*). The Court dismissed *Young I* and remanded *Brenner* in a consolidated order for lack of subject matter jurisdiction on October 23, 2025. *Brenner* ECF No. 24; *Young I* ECF No. 20. Following this Court's remand of *Brenner*, the state foreclosure case continued in the Circuit Court for Baltimore City. *Brenner v. Young*, Case No. C-24-CV-24-004504 (Md Cir. Ct.) (the "State Case"). A review of the docket in the State Case shows that the Circuit Court entered a final order ratifying the foreclosure sale on October 30, 2025.

Young has filed a motion to proceed *in forma pauperis* (ECF No. 2), which the Court will grant. Before the Court issued summonses as to any Defendants, BWW Law, its attorneys, and Freedom Mortgage moved to dismiss the proposed amended complaint, which they assumed to be operative. ECF No. 8. Young has filed no opposition to this motion.

## II.    LEGAL STANDARDS

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Mere "labels, conclusions, recitation of a claim's elements, and naked assertions devoid of further factual enhancement" are insufficient to meet the Rule 8 pleading standard. *ACA Fin. Guar. Corp. v. City of Buena Vista*, 917 F.3d 206, 211 (4th Cir. 2019). When a defendant asserts that, even assuming the truth of the alleged facts, the complaint fails "to state a claim upon which relief can be granted," the defendant may move to dismiss the complaint. Fed. R. Civ. P. 12(b)(6). Ms. Young is self-represented, so the Court must construe her complaint liberally, holding it to "less stringent standards than [those]

drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But "liberal construction of a pro se plaintiff's pleading does not require the court to ignore clear defects in pleading." *Chrisp v. Univ. of N.C.-Chapel Hill*, 471 F. Supp. 3d 713, 716 (2020).

The Court will also evaluate the claims against the non-moving Defendants (HUD, MERS, Sierra Pacific, and the Auditor), who (like the moving Defendants) have not yet been served. Under 15 U.S.C. 1915(e)(2)(B), the Court may dismiss a case in which the Plaintiff proceeds in forma pauperis on its own initiative if the action is "frivolous or malicious"; "fails to state a claim on which relief may be granted"; or "seeks monetary relief against a defendant who is immune from such relief." "A 'frivolous' complaint is one lacking an arguable basis either in law or in fact." *Nolan v. Bright*, Case No. 22-cv-196-DKC, 2022WL 717048, at *1 (D. Md. Mar. 10, 2022) (citing *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989)).

## III.    DISCUSSION

### A.    Claim preclusion

"Res judicata (or claim preclusion) precludes the assertion of a claim after a judgment on the merits in a prior suit by the parties or their privies based on the same cause of action." *Martin v. Am. Bancorporation Ret. Plan*, 407 F.3d 643, 650 (4th Cir. 2005). The Court may consider res judicata at the pleading stage "only if it clearly appears on the face of the complaint," but it may "take judicial notice of facts from a prior judicial proceeding" when there is "no disputed issue of fact." *Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000) (quotations and citations omitted). To find that claim preclusion applies, "there must be: (1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an

4

identity of parties or their privies in the two suits." *Providence Hall Assocs. Ltd. P'ship v. Wells Fargo Bank, N.A.*, 816 F.3d 273, 276 (4th Cir. 2016) (quoting *Pueschel v. United States,* 369 F.3d 345, 354–55 (4th Cir. 2004)). Under this standard, Young's claims are barred against several of the defendants in this case.

First, there was a final judgment on the merits in *Young I*, which Young brought in this Court against Freedom Mortgage and BWW Law. *Young I* ECF No. 1 at 1. The Court dismissed *Young I* following the Defendants' Rule 12(b)(6) motion. *Young I* ECF No. 20. The dismissal was with prejudice, as the Court did not specify that it was a dismissal without prejudice. *See Carter v. Norfolk Cmty. Hosp. Ass'n, Inc.*, 761 F.2d 970, 974 (4th Cir. 1985) ("A district court's dismissal under Rule 12(b)(6) is, of course, with prejudice unless it specifically orders dismissal without prejudice."). "[A] dismissal with prejudice is an adjudication on the merits for res judicata purposes." *Hall v. Greystar Mgmt. Servs., L.P.*, 193 F. Supp. 3d 522, 529 (D. Md. 2016) (quoting *Bradley v. Artery Custom Homes, LLC*, Case No. 08-cv-539-PJM, 2009 WL 6560200, at *3 (D. Md. Jan. 29, 2009)).

Regarding the second prong of the test, the Fourth Circuit "follow[s] the 'transactional' approach in analyzing this prong, meaning that res judicata will bar a newly articulated claim if it is based on the same underlying transaction involved in the first suit and could have been brought in the earlier action." *Providence Hall*, 816 F.3d at 282 (quotations and alterations omitted). The complaint in *Young I* was related to the mortgage and foreclosure for the same property at issue here and stated similar factual allegations. *Compare Young I* ECF No. 1 at 2 ("Plaintiff alleges that any security instrument, assignment, or foreclosure notice issued or relied upon by Defendants is legally defective, void, voidable, or procured through fraud, robe-signing, or

5

misrepresentation.") *with* ECF No. 7-1 ("Plaintiff alleges that Defendants misapplied or failed to properly credit payments, failed to provide accurate accounting, failed to respond adequately to written requests for information, and proceeded with foreclosure without first establishing clear standing and chain of title."). Because this case and *Young I* arise from the same underlying factual transaction, the second prong is satisfied.

Finally, regarding the third prong, several Defendants here are the same as in the first action. Defendants Freedom Mortgage and BWW Law were Defendants in *Young I*, so they clearly satisfy this requirement. The third element encompasses not only parties to the prior action, but also those in "privity" with prior parties. *Martin*, 407 F.3d at 651. "There are three generally recognized categories of non-parties who will be considered in privity with a party to the prior action and who will therefore be bound by a prior adjudication: (1) a non-party who controls the original action; (2) a successor-in-interest to a prior party; and (3) a non-party whose interests were adequately represented by a party to the original action." *Id.*

Here, several Defendants satisfy this standard. First, the instant complaint names 10 unidentified "substitute trustee" defendants as Does 1–10. But BWW Law and its attorneys (including Andrew Brenner, Howard Bierman, and Elizabeth Jones) *were* the substitute trustees. *See* ECF No. 7-1 at 2; ECF No. 1-4 at 4; *Young I* ECF No. 9-1 at 2. Thus, Brenner, Bierman, Jones, and the "Does 1–10" substitute trustee Defendants are covered in this case by the preclusive effect of *Young I*.

Sierra Pacific is also in privity with Freedom Mortgage for purposes of Young's claims. Sierra Pacific was the original lender on Young's mortgage, but subsequently transferred its interest to Freedom Mortgage. *See* ECF No. 7-1 at 2; *Young I* ECF No. 9-1

6

at 1–2. Young identifies Sierra Pacific in the instant complaint as having "involvement as a prior servicer, lender, or investor in the loan." ECF No. 7-1 at 2. But "the servicer, lender and substitute trustee share 'the same right to foreclose on the [subject] mortgage,' such that 'the privity component of claim preclusion is satisfied.'" *Proctor v. Wells Fargo Bank, N.A.*, 289 F. Supp. 3d 676, 683 (D. Md. 2018) (quoting *Jones v. HSBC Bank USA, N.A.*, 444 Fed. App'x 640, 644 (4th Cir. 2011)). And "predecessor noteholders and predecessor trustees are in privity with the foreclosure parties, since they share a mutuality of interest in the validity of the foreclosure judgment." *Thomas v. Sack*, Case No. 18-cv-1839-ELH, 2019 WL 1099071, at *9 (D. Md. Mar. 7, 2019)). Thus, Sierra Pacific and Freedom Mortgage are in privity for *res judicata* purposes as concerns the property and mortgage at issue here.

In summary, Young's claims against Defendants Freedom Mortgage, BWW Law (including its attorneys Brenner, Bierman, and Jones), Sierra Pacific, and any "Doe" substitute trustees[1] are barred by the preclusive effect of this Court's prior dismissal in *Young I*.

## B.    Remaining claims

Young's complaint fails to state a claim against the remaining Defendants (HUD, MERS, or the Auditor). The amended complaint's factual allegations do not specifically discuss any actions by HUD or MERS. ECF No. 7-1 at 2. Thus, the complaint fails to

---

[1] The motion to dismiss was joined by several individual Defendants (Carrie Ward, Daniel Dreifuss, Nicholas Derdock, Phillip Shriver, and Eric Vandelinde) who were named in the original complaint, but not the amended complaint. *See* ECF No. 8-1 at 1. Per the motion to dismiss, it appears that these individuals are employed by BWW Law as substitute trustees. ECF No. 8-1 at 2. To the extent Young intended to include these individuals in her amended complaint in their capacity as substitute trustees, the Court's analysis regarding the "Doe" substitute trustees applies. Any claims against these individuals are dismissed.

connect either HUD's or MERS's conduct with any of the claims and is insufficient as a matter of law. *See Baxter v. AmeriHome Mortg. Co., LLC*, 617 F. Supp. 3d 346, 351 (D. Md. 2022) (a plaintiff must include "enough explanation within each cause of action to tie the factual allegations to the alleged violations of law"). The only mention of the Auditor in the amended complaint's factual allegations is the following: "In Maryland Circuit Court foreclosure proceedings, an Order of Ratification was entered and the matter was referred to an auditor, despite unresolved disputes regarding ownership of the note, servicing history, loan accounting, and compliance with applicable federal statutes." ECF No. 7-1 at 2. Even upon liberal construction, this does not explain why the Auditor would be subject to liability under any of the federal laws that Young cites. Accordingly, the Court will dismiss the claims against HUD, MERS, and the Auditor; the dismissal with respect to those defendants will be without prejudice.

## IV.   CONCLUSION

For the reasons explained above, the Court will dismiss all of Plaintiff's claims and close this case. A separate order follows.


Date:  July 13, 2026                    _____/s/_____
                                        Adam B. Abelson
                                        United States District Judge

8